UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| NELSON STUD WELDING, INC. | ) | |
| | ) | |
| Plaintiff, | ) | 2:10-cv-01020 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| QUALL'S STUD WELDING | ) | [Re: Motions at Docket 27 & 34 ] |
| PRODUCTS, INC. d/b/a STUD | ) | |
| WELDING PRODUCTS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## I.  MOTIONS PRESENTED

At docket 27, Defendant Quall's Stud Welding Products, Inc. ("SWP") moves to increase the amount of required security. The court construes this as a motion to set bond. Plaintiff Nelson Stud Welding, Inc. ("Nelson") opposes the motion at docket 30. SWP's reply is filed at docket 33.

At docket 34, Nelson moves to file a sur-reply. That motion is unopposed.

## II.  BACKGROUND

This is an action for trademark infringement. Nelson alleges that SWP misappropriated its NELSON mark by using it in the meta tags of SWP's website and in search tags of internet video advertisements. On July 8, 2010, the court granted

Nelson's motion for preliminary injunctive relief. That motion was unopposed due to error by SWP's counsel. On July 15, 2010, the court denied SWP's ex parte motion for relief from the order granting the preliminary injunction, which the court construed as a motion for reconsideration.

### III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 65(c) provides that a "court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."[1]  "Rule 65(c) invests the district court with discretion as to the amount of security required, *if any*."[2]  "The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct."[3]

### IV.  DISCUSSION

**A. The Court Will Not Deem Nelson's Response in Opposition to the Motion at Docket 27 a Consent to Granting of the Motion**

Nelson's motion for leave to file a sur-reply was not opposed by SWP.  The court has considered the motion and has no objection to the filing of Nelson's sur-reply.  The sur-reply responds to SWP's arguments regarding the timeliness of Nelson's response. SWP argues in its reply that, in accordance with Local Rule 7.2(I), the court should

---

[1]Fed. R. Civ. P. 65(c).

[2]*Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (internal quotations omitted).

[3]*Id.*

deem Nelson's response to SWP's motion "a consent to the . . . granting of the motion,"
because it was filed five days late.[4]  In accordance with Federal Rule of Civil
Procedure 6(d), however, "[w]hen a party may or must act within a specified time after
service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added
after the period would otherwise expire under Rule 6(a)."[5]  Because electronic service
was made, the deadline for Nelson's response was extended from August 11, 2010, to
August 14, 2010.[6]  August 14, 2010 was a Saturday, and under Federal Rule of Civil
Procedure 6(a)(1)(C), the deadline for Nelson's response was extended further to
August 16, 2010.[7]  Nelson's response was filed on that day and will be considered by
the court in resolving SWP's motion.  The court also notes that, even if SWP's response
had been late, whether the response should be deemed a consent to the motion is
entirely within the court's discretion.[8]

**B. SWP Has Not Demonstrated that a Security Bond is Necessary**

SWP attaches much significance to the mandatory phrasing of Federal Rule of
Civil Procedure 65(c).  However, in the Ninth Circuit, "the language of Rule 65(c) [does
not] absolve[] the party affected by the injunction from its obligation of presenting

---

[4]LRCiv 7.2(i); doc. 33 at 2–3.

[5]Fed. R. Civ. P. 6(d).

[6]*See* Fed. R. Civ. P. 5(b)(2)(E).

[7]Fed. R. Civ. P. 6(a)(1)(C).

[8]LRCiv 7.2(I) ("If a motion does not conform in all substantial respects with the
requirements of this Local Rule . . . such non-compliance *may* be deemed a consent to the
denial or granting of the motion and the Court *may* dispose of the motion summarily.")
(emphasis added).

evidence that a bond is needed, so that the district court is afforded an opportunity to exercise its discretion in setting the amount of the bond."[9]  Prior to its present motion, SWP had not requested that a bond be posted, because it did not oppose Nelson's motion for a preliminary injunction.  Accordingly, there has been no prior occasion to consider whether security is appropriate, and SWP's motion will be construed as a motion to set bond.

**1. SWP Has Not Demonstrated A Realistic Likelihood of Harm From The Injunction**

SWP argues that the posting of a bond should only be excused where the party obtaining injunctive relief is indigent, litigating in the public interest, or the case is otherwise "exceptional."[10]  SWP recognizes that a district court considering a bond request has discretion such that "the bond amount may be zero if there is no evidence the party will suffer damages from the injunction."[11]  The question becomes whether SWP will suffer damages as a result of the injunction.

SWP maintains that it will "be harmed in the amount of the value of its genuine Nelson products, which it will not be able to advertise online."[12]  SWP's argument is based on its disputed claim that it "currently has over one hundred and fifty thousand (150,000) genuine Nelson products for sale, which are valued at over seven hundred

---

[9]*See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 883 (9th Cir. 2003).

[10]Doc. 27-1 at 4–5.

[11]*Conn. Gen. Life*, 321 F.3d at 882.

[12]Doc. 27-1 at 10.

thousand dollars."[13]  Assuming, for purposes of this motion, that SWP does stock

Nelson products, an injunction prohibiting online advertisement of those items will not

injure SWP in the amount of those items' aggregate wholesale value–the injunction will

not halt all sales of those products.

 SWP has offered the declaration of its president, Jay Koski, in support of its

motion. Mr. Koski's declarations are conclusory and are therefore of less probative

value than they might be if accompanied by some form of financial analysis.[14]

Nonetheless, even if those declarations are taken at face value, they do not adequately

support SWP's bond request.

In his declaration, Mr. Koski states that SWP advertises both online and in print.[15]

To the extent SWP can continue to advertise in print without violating the terms of the

injunction, any harm resulting from the injunction is reduced. Moreover, Mr. Koski

indicates that "SWP sells new and used authentic Nelson manufactured products *in its*

. . . *offices.*"[16]  In the same sentence Mr. Koski states that "the sale of new and used

authentic Nelson manufacture products constitutes a large and profitable portion of

SWP's overall business."[17] Mr. Koski's syntax gives rise to the inference that office sales

predominate internet sales, but SWP has not made a showing either way.  SWP has not

shown that the injunction will affect office sales because it has not provided any link

---

[13]*Id.*

[14]*See, e.g.*, *CSC Brands v. Herdez Corp.*, 191 F. Supp. 2d 1145, 1154 (E.D. Ca. 2001).

[15]Doc. 27-2 at 2.

[16]*Id.* (emphasis added).

[17]*Id.*

between online advertising and office-front sales. Similarly, SWP has not demonstrated the effect of online advertising that incorporates the NELSON mark on its internet sales.

Mr. Koski does state that "[a]s a result of not being able to advertise SWP's genuine Nelson products online, SWP will lose online sales."[18]  However, SWP has not provided any data tending to show the value of those online sales.  Even if online sales make up a substantial portion of SWP's overall sales, the extent of SWP's reliance on online advertising that is *affected by the injunction* remains unclear.  Finally, SWP seems to assume that the injunction will preclude all online advertising of its Nelson products.  This is false.  SWP is still able to advertise online, it simply must do so without infringing on Nelson's mark.[19]  SWP has therefore not shown a measurable or realistic likelihood of injury stemming from the injunction.

## 2. Nelson's Likelihood of Success on the Merits Weighs in Favor of No Bond

The Ninth Circuit has noted that a "likelihood of success on the merits . . . tips in favor of a minimal bond or no bond at all."[20]  SWP argues that "Plaintiff cannot demonstrate that it is likely to succeed on the merits."[21]  Nelson's likelihood of success

---

[18]*Id.*

[19]Currently, via its eBay store, SWP is offering for sale a Nelson TR-850 Stud Welder and Partial Threaded Nelson Weld Studs. Assuming SWP is in compliance with the injunction that is in place, this is an instance of non-infringing, online advertisement of a Nelson product.

[20]*Cal. ex rel. Van De Kamp v. Tahoe Reg'l Planning Agency*, 766 F.2d 1319, 1326 (9th Cir. 1985).

[21]Doc. 27-1 at 5.

on the merits has already been established.[22] The law of the case doctrine precludes a court from reconsidering an issue that has already been decided by the same court or a higher court in the same case.[23]  The doctrine is applicable where a party alleges that a previous disposition of a court, in the same case, was clearly erroneous and would work manifest injustice.[24]  Because the court has already determined that Nelson has demonstrated a likelihood of success on the merits, consistent with the law of the case doctrine, the court will not reconsider it.  Nelson's likelihood of success on the merits supports the imposition of minimal or no bond.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff Nelson's motion at docket 34 is **GRANTED**. Defendant SWP's motion at docket 27 to increase the amount of required security, construed as a motion to set bond, is **DENIED**.

DATED this 30th day of September 2010.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[22]*See* doc. 21.

[23]*Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993).

[24]*Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995).