UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| NELSON STUD WELDING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 2:10-cv-01020 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| QUALL'S STUD WELDING PRODUCTS, INC., | ) | [Re: Motion at Docket 44] |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.  MOTION PRESENTED

At docket 44, plaintiff Nelson Stud Welding, Inc. ("Nelson") moves for an award of attorneys' fees.  Defendant Quall's Stud Welding Products, Inc. ("SWP") opposes the amount of the award at docket 48.  The court did not request a reply.

## II.  DISCUSSION

In the order at docket 43, the court granted Nelson's motion for civil contempt sanctions.  The motion was based on SWP's violation of the preliminary injunction that has been in place since July 8, 2010.  Finding that a compensatory fine was appropriate under the circumstances, the court requested the present motion for fees.

"Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both."[1]  "Where compensation is intended, a fine is imposed, payable to the complainant.  Such fine must . . . be based upon evidence of complainant's actual loss . . . ."[2]  Here, compensation is intended.  Nelson seeks its actual loss in the form of attorneys' fees associated with its motion for a finding of civil contempt.

Nelson has submitted the declaration of Steven C. Lawrence and an invoice in support of its motion.  The documents reflect five hours spent on the motion by attorney Brian M. Ziff at $350.00 per hour and 34.70 hours by attorney Steven C. Lawrence at $240.00 per hour, for a total of $10,078.00.

"Fee awards are to be reasonable, reasonable as to billing rates and reasonable as to the number of hours spent in advancing the successful [motion]."[3]  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[4]  A

---

[1]*General Signal Corp. v. Donalico, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986).

[2]*United States v. United Mine Workers*, 330 U.S. 258, 303 (1947).

[3]*Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989).

[4]*Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 564 (1986) (internal quotations omitted).

-2-

district court may then adjust this "presumptively reasonable lodestar figure"[5] based on the factors adopted in *Kerr v. Screen Extras Guild*[6]:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client of the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.[7]

The court "should note that many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonably hourly rate."[8]

SWP argues that Nelson's counsel should have expended no more than 10 hours on the motion and related practice.[9]  The court agrees with SWP that the amount requested by Nelson is excessive.  For example, as SWP points out, eleven entries on the invoice provided to the court involve plaintiff's reply brief.  Those entries total 16.3 hours.  Revisions to the reply brief totaled 6.4 hours.  After comparing all of Nelson's briefing and the billing invoice, the court concludes that compensation for a total of twenty hours is reasonable; more would be excessive.

---

[5]*Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614 (9th Cir. 1993).

[6]526 F.2d 67, 70 (9th Cir. 1975).

[7]*Id.*

[8]*Delaware Valley*, 478 U.S. at 564 (internal quotations omitted).

[9]Doc. 48 at 4.

SWP argues that Nelson has not provided any evidence that its requested rate is customary.[10]  The court is charged with determining a reasonable rate, however, not a customary one.  Given the level of experience of each lawyer assigned to the case, and "[g]iven the longstanding relationship between Nelson" and their law firm, the requested rates of $240 per hour and $350 per hour are reasonable.

Because the court has determined that 20 prorated hours at the requested hourly rates is reasonable, the presumptively reasonable lodestar figure is exactly half of what plaintiff has requested or $5,039.

The first *Kerr* factor has been subsumed by the above calculus.  A review of the parties' briefing demonstrates that the questions involved were neither novel nor particularly difficult and the level of skill necessary was reasonable competence.  There is no indication that the contempt proceedings precluded other work by Nelson's attorneys.  The fifth factor was subsumed by calculation of the lodestar figure and the sixth is inapplicable.  Nelson maintains that "the circumstances of SWP's ongoing violations of the . . . preliminary injunction required immediate action" but the question is whether the client imposed any time limitations.  There is nothing to suggest that Nelson imposed any time limitations.  Nelson was successful on its motion for contempt sanctions.  The weight of this factor is diminished, however, because SWP admitted to having violated the injunction.  The ninth and eleventh factors were subsumed in calculation of the lodestar amount.  The tenth and twelfth appear inapplicable on the available facts.

---

[10]Doc. 48 at 4–5.

In sum, only one *Kerr* factor–the results obtained–counsels in favor of adjusting the preliminary figure, and its weight is slight.  Accordingly, the court sees no reason to depart from the presumptively reasonable lodestar figure.

### III.  CONCLUSION

For the reasons above the motion at docket 44 is **GRANTED** as follows: Defendant SWP shall pay the sum of $5,039 to plaintiff within 28 days from the date of this order.

DATED this 1st day of March 2011.


/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE